DAKOTA *v.* FAIR, SHERIFF OF ALLEN COUNTY, ET AL.

(No. C72-384—Decided November 2, 1972.)

United States District Court for the Northern District of Ohio, Western Division.

*Mr. Ted Ioria,* for plaintiff.
*Mr. Lawrence S. Huffman,* for defendant.

WALINSKI, J. This cause came to be heard on an application for temporary restraining order under Federal Rule of Civil Procedure 65.

The plaintiff herein, operator of a theatre in Lima, Ohio, seeks relief from an order of the Allen County Common Pleas Court pursuant to R. C. 3767.01 *et seq.* The theatre and all the equipment necessary for its operation have been padlocked as a nuisance under the procedures set forth in R. C. 3767.04. It is the opinion of this court that the state injunction has been overbroadly applied. The statute, in pertinent part provides for a temporary injunction:

"closing the place against its use for any purpose of *lewdness, assignation,* or *prostitution* until final decision is rendered on the application for a permanent injunction."

As applied in the instant case, the actions of the state court fly directly in the face of the United States Supreme Court decision in *Near* v. *Minnesota* (1931), 283 U. S. 697. In that case, a similar state statute provided for the total closing of a newspaper for its prior violations of the state statute on libel. The Supreme Court held that such blanket prohibitions were constitutionally impermissible prior restraint of the exercise of free speech.

The Ohio statute at bar does not present such an issue. Defendant herein is enjoined only from the exhibition of material which falls within the Supreme Court's definition as "obscene." See *State, ex rel. Keating,* v. *Vixen* (1971), 27 Ohio St. 2d 278. It must be assumed that the Ohio courts will confine the injunction to material held obscene under the tests enunciated by the Supreme Court, and therefore beyond the protection of the First Amendment. *Id.* at 280.

Since the Ohio court may interpret the above-mentioned statute constitutionally upon hearing for the permanent injunction this court will reserve a ruling on the convening of a three judge panel under 28 U. S. Code, Section 2284 until such time as the federal abstention doctrine is inapplicable.

For the reasons set out above, it appearing to the court that the petition for a temporary restraining order is well taken, in part, it is

ORDERED that the state injunction be stayed only so far as it affects the showing of films which have not been held to be obscene in a prior adversary hearing.